IN THE UNITED STATES COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>$10,400.00 IN UNITED STATES CURRENCY,<br><br>Defendant. | CIV. NO. 21-1367 (SCC) |

**OPINION AND ORDER**

The government has filed a civil forfeiture action against $10,400 in U.S. currency, the defendant in rem. Docket No. 1. Because no potential claimants have responded, the government moves the Court for an entry of default and a judgment by default. Docket Nos. 8, 9. We grant both.

All money furnished "in exchange for a controlled substance" or "traceable to such an exchange" is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). The government says that the defendant in rem is the proceeds of illegal drug trafficking. Docket No. 1-1, pg. 6; Docket No. 1, pg. 3 (incorporating the facts contained in Docket No. 1-1). In

this "forfeiture action[] in rem," the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions apply. Supp. Rule G(1). And the Federal Rules of Civil Procedure apply as well insofar as they are not inconsistent with the supplemental rules. *Id.*

To contest the defendant in rem's forfeiture, a person who asserts an interest in it must file a claim within a certain timeframe. Supp. Rule G(5)(a)(i). The government "post[ed] a notice on an official internet government forfeiture site for at least 30 consecutive days," Supp. Rule G(4)(a)(iv)(C), and sent a direct notice to Juan Arturo García, a "person who reasonably appears to be a potential claimant," Supp. Rule G(4)(b)(i). To contest the forfeiture, Juan Arturo García had to file a claim within 35 days of receiving notice and everyone else had to file one within 60 days from the first day the government posted the notice on its forfeiture site. Supp. Rule G(5)(a)(ii)(A)–(B). Because no one did, Federal Rule of Civil Procedure 55 has been triggered. *Cf. United States v. $23,000 in U.S. Currency*, 356 F.3d 157, 163 (1st Cir. 2004) (stating the

failure to file a verified statement under Supplemental Rule C(6), which is a prerequisite to filing an answer, implicates Rule 55).

Rule 55 contains a two-step process to enter judgment by default. First, the Court or the Clerk of Court "enter[s] [a] party's default" when it "has failed to plead or otherwise defend," its failure is shown by "affidavit or otherwise," and "affirmative relief" is sought against it. FED. R. CIV. P. 55(a); *see also City of N.Y. v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (stating that the court possesses the inherent power to enter a default). In a civil forfeiture action, Rule 55(a)'s requirements are met when the government shows that no claimants have timely responded to its complaint. *See $23,000 in U.S. Currency*, 356 F.3d at 163. Second, the party seeking judgment by default applies to the Court for one. *See* FED. R. CIV. P. 55(b). That a party has defaulted does not make him automatically liable. Instead, we look to the well-pleaded allegations in the complaint to determine whether they allege a cause of action. *Ramos-Falcon v. Autoridad de Energía Electrica*,

301 F.3d 1, 2 (1st Cir. 2002). For a party who defaults concedes the truth of those allegations. *Franco v. Selective Ins. Co.*, 184 F.3d 4, 9 n.3 (1st Cir. 1999). We have the discretion to do more, such as conduct a hearing to establish the truth of the allegations, *see* FED. R. CIV. P. 55(b)(2), but decline to do so here since no one has appeared to dispute them.

Before we enter a default and default judgment, we must ensure that we have jurisdiction over the defendant in rem and subject-matter jurisdiction over the dispute. 10A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2682 (4th ed. 2008) ("Before a default can be entered, the court must have subject-matter jurisdiction and jurisdiction over the party against whom the judgment is sought, which also means that the party must have been effectively served with process."). A court has in rem jurisdiction over a *res* when the *res* is within its control. *See United States v. One Lot of $25,721 in U.S. Currency*, 938 F.2d 1417, 1418 (1st Cir. 1991). Pursuant to Supplemental Rule G(3)(b)(i), because the defendant in rem is not real property

| UNITED STATES V. $10,400 IN U.S. CURRENCY | Page 5 |
|---|---:|

and is within the government's possession, custody, or control, the Clerk of Court issued a warrant to arrest the defendant in rem. Docket No. 5-1. And the government has submitted evidence showing that it properly served process to Juan Arturo García and posted a notice of its complaint for at least 30 consecutive days on an official internet government forfeiture site. Docket No. 9-1; Docket No. 6-1. Moreover, we have subject-matter jurisdiction under 28 U.S.C. § 1355(a).

Seeing that the Court has jurisdiction, we turn to entry of default and judgment by default. The government has shown that it properly notified Juan Arturo García, a potential claimant, and properly notified the public of its complaint. Yet no claimants to the defendant in rem have come forward. The government served process to Juan Arturo García months ago. So his 35 day timeframe to file a claim has expired. It posted notice on its forfeiture website for 30 consecutive days in August and September 2021. Thus, any claimant's 60 day timeframe has long expired as well. Because the government has shown that no claimant timely responded

to its complaint, Rule 55(a) is satisfied. The Clerk of Court is therefore directed to enter a default against the defendant in rem.

We turn finally to judgment by default. The government says that the defendant in rem is the proceeds of illegal drug trafficking and is thus subject to forfeiture. Docket No. 1-1, pg. 6; Docket No. 1, pg. 3 (incorporating the facts contained in Docket No. 1-1). All money furnished "in exchange for a controlled substance" or "traceable to such an exchange" is subject to forfeiture to the United States. 21 U.S.C. § 881(a)(6). The government bears the burden of proving by a preponderance of the evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1). And where, as here, the government's theory is that the property was involved in the commission of a criminal offense, it must show "a substantial connection between the property and the offense." *Id.* § 983(c)(3). The government has pleaded facts that, taken as true, satisfy its burden. *See* Docket No. 1, pg. 3 (incorporating the facts contained in Docket No. 1-1). It

alleges that agents at the Luis Muñoz Marín International Airport discovered $10,400 in Juan Arturo García's duffel bag, hidden in his jeans. Docket No. 1-1, pgs. 4–5. Most of the bills are twenty-dollar bills. *Id.* at 5. And he made inconsistent statements about the money. *See id.* at 5–6. Moreover, a drug dog sniffed the money and alerted the agents to the presence of narcotics. *Id.* at 6. Taken together, these circumstances satisfy the government's burden to show that the defendant in rem is subject to forfeiture and the nexus between it and drug trafficking. *See United States v. One Lot of U.S. Currency ($36,634)*, 103 F.3d 1048, 1055–56 (1st Cir. 1997) (stating large sums of cash and a drug dog's positive alert support a nexus between the money and drug activity); *United States v. $21,510 in U.S. Currency*, 144 F. App'x 888, 889–90 (1st Cir. 2005) (unpublished) (same); *United States v. $22,474 in U.S. Currency*, 246 F.3d 1212, 1217 (9th Cir. 2001) ("[I]nconsistent statements about the money and [the claimant's] reasons for being in Phoenix tended to support an inference that the money was drug-related."); *United States v. $37,780 in U.S.*

*Currency*, 920 F.2d 159, 163 (2d Cir. 1990) ("[The claimant] was carrying an extremely large sum of cash in small denominations, demonstrating that he was either inordinately carefree with his money or was involved in illegal activity."). The defendant in rem is therefore forfeited to the government.

In sum, the Court **GRANTS** the government's motion for an entry of default (Docket No. 8). The Clerk of Court is hereby directed to enter a default against the defendant in rem. And we **GRANT** the government's motion for judgment by default (Docket No. 9). Judgment forfeiting the defendant in rem to the government will follow.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 8th day of June 2022.

<u>S/ SILVIA CARREÑO-COLL</u>
UNITED STATES DISTRICT COURT JUDGE